(No. 1738— ▮▮▮▮▮▮▮)

EARL HARPER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1933.*

WILLIAM R. McCABE, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE VAUSE delivered the opinion of the court:

This is a claim for compensation arising from accidental injuries alleged to have been suffered by the claimant while an employee of the State of Illinois.

The record shows that the alleged injury was suffered on the 31st day of July, 1929. Claim for compensation for these injuries was filed in this Court on March 18th, 1931. The Attorney General has filed a motion to dismiss the claim because the application for compensation was not filed within the time required by the terms of the Workmen's Compensation Act.

Chapter 37, Paragraph 432, Smith-Hurd's Statutes, 1931, defines the powers and duties of this court. This section provides among other things the following:

"(6) To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by an employee of the State, such determination to be made in accordance with the rules prescribed in the act commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duty relative thereto."

Under the power and duty granted by the foregoing section, the determination of the liability of the State in this class of cases must be made in accordance with the rules prescribed in the Workmen's Compensation Act. Section 24 of the Workmen's Compensation Act provides among other things:

"Provided that in any case unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation the right to file such application shall be barred."

This limitation is binding upon this court in the determination of the liability of the State for accidental injuries under Paragraph 432, of Chapter 37 above quoted.

There is no claim made in this case that any compensation has been paid by the State on account of this injury and the record affirmatively shows that application for compensation was filed with this court more than one year after the date of the alleged injury.

The motion of the Attorney General to dismiss the claim is therefore allowed and the claim is ordered dismissed.